FILED
CLERK
10/17/2016 4:03 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KERRI LYNN MCGINTY and CRYSTAL PASKIEWICZ,

                Plaintiffs,

    -against-

PROFESSIONAL CLAIMS BUREAU, INC.,

               Defendant.
------------------------------------------------------------X

**OPINION AND ORDER**
15-cv-4356 (SJF)(ARL)

**FEUERSTEIN, District Judge:**

Plaintiffs Kerri Lynn McGinty and Crystal Paskiewicz (together, "Plaintiffs") commenced this action against Defendant Professional Claims Bureau, Inc. ("Defendant" or "PCB"), seeking to recover for Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See* Docket Entry ("DE") [6], Am. Compl. Presently before the Court is PCB's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which Plaintiffs oppose. DE [19], [20]. For the reasons set forth herein, Defendant's motion is granted in part and denied in part.

**I.    BACKGROUND**

Unless otherwise noted, the following facts are drawn from the Amended Complaint and are accepted as true for purposes of the instant motion.

    **A.  Factual Background**

This action arises out of PCB's efforts to collect alleged consumer debts from Plaintiffs. Am. Compl. ¶¶ 10-15. Plaintiffs are residents of New York, and are "consumers" as defined by 15 U.S.C. § 1692a(3). *Id.* at ¶¶ 5, 6. Defendant has a principal place of business in Garden City, New York, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *Id.* at ¶¶ 7-9. McGinty and Paskiewicz incurred "debts" as defined by 15 U.S.C. § 1692a(5) to, respectively, NSLIJ

1

Physicians – Dept. of Orthopedic Surgery and St. Catherine of Sienna (together, the "Medical Providers"). *Id.* at ¶ 10. Plaintiffs fell behind on their payments to the Medical Providers, and their debts were subsequently assigned or otherwise transferred to Defendant for collection. *Id.* at ¶¶ 11, 12.

In an effort to collect the debts, Defendant sent Paskiewicz and McGinty nearly identical debt collection letters on November 20, 2014 and May 5, 2015, respectively (together, the "Collection Letters"). *Id.* at ¶¶ 13, 14, 26, 58. Defendant's letter to Paskiewicz includes the following caption in the upper right-hand corner:

> Re: ST CATHERINE OF SIENNA
> Patient Name: CRYSTAL PASKIEWICZ
> Service Date: 06/03/13

*Id.* at Ex. 2. Defendant's letter to McGinty includes the following caption in the upper right-hand corner:

> Re: NSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC SURGERY
> Patient Name: KERRI LYNN MCGINTY
> Service Date: 01/30/14

*Id.* at Ex. 1. Each Collection Letter states that Plaintiffs' accounts have "been referred to [PCB's] offices for collection" and contain the following statements: (i) "For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card"; (ii) "Additionally, feel free to mail your check, money order or credit card information along with the payment stub below"; and (iii) "*Whatever you do, please do not choose to ignore this outstanding debt.*" *Id.* (emphasis in original). Below the foregoing statements, the Collection Letters state:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within

2

> 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

### B. Procedural Background

By way of a Complaint dated July 24, 2015, McGinty commenced this action against PCB, alleging violations of the FDCPA and N.Y. Gen. Bus. Law § 349. DE [1]. McGinty alleged that Defendant violated 15 U.S.C. § 1692g by: (i) failing "to explicitly identify the name of the creditor to whom the debt is owed"; and (ii) demanding that Plaintiff "make payment during the validation period without explaining that such demand does not override [her] right to dispute the debt." Compl. ¶¶ 24, 68. McGinty further alleged that PCB violated 15 U.S.C. § 1692e by "using a false, deceptive and misleading representation in its attempt to collect a debt." *Id.* at ¶ 47. On August 21, 2015, before Defendant answered McGinty's Complaint, Plaintiffs filed an Amended Complaint in which Paskiewicz asserts identical claims arising under the FDCPA against PCB.[1] DE [6]. Plaintiffs each seek to recover one thousand dollars ($1,000.00) in statutory damages, as well as costs and attorneys' fees. *Id.*

On February 22, 2016, Defendant filed the instant fully briefed motion for judgment on the pleadings pursuant to Rule 12(c). DE [19]. PCB argues, *inter alia*, that "the letters properly identify the creditor in each collection notice" and that "the wording of its letters does not constitute overshadowing . . . ." *See* Defendant's Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) ("Def.'s Mem."), DE [19], at 6-7. In opposition to Defendant's motion, Plaintiffs argue, *inter alia*, that "Defendant's letters fail to indicate *by label* any 'creditor,' 'account owner,' 'original creditor,'

---

[1] In the Amended Complaint, McGinty withdrew her claim arising under N.Y. Gen. Bus. Law § 349. DE [6].

3

'current creditor,' or 'creditor to whom the debt is owed.'" *See* Plaintiffs' Answering Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings ("Pls.' Opp'n"), DE [20], at 2 (emphasis in original). Plaintiffs further argue that "Defendant's strategic choice to use the minute font and spacing concerning Plaintiffs' validation rights, in combination with Defendant's failure to use any transitional language, results in Plaintiffs' rights being less prominent than the other text demanding payment set forth in the letters." *Id.* at 3.

## II.  LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(c) Standard

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, "a court applies the familiar standard applicable to a Rule 12(b)(6) motion." *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 549 (S.D.N.Y. 2013) (citing *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). Therefore, to survive a motion pursuant to Rule 12(c), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. The court must "accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff." *Polanco*, 930 F. Supp. 2d at 550 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 995 (2002)). In deciding a motion for judgment on the pleadings, "the court considers the complaint, the answer, any written documents attached to them,

and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation omitted).

### B. FDCPA Standard

Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). The FDCPA prohibits, *inter alia*, the use of "any false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also "gives the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of that debt," but "does not assume that the recipient of a collection letter is aware of her right to require verification . . . ." *Jacobson*, 516 F.3d at 89 (citing 15 U.S.C. § 1692g(b)). Therefore, pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the

name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The written communication referenced in 15 U.S.C. § 1692g "is known as a 'validation notice.'" *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 708 (S.D.N.Y. 2013).

In analyzing whether a communication violates the FDCPA, "courts apply an objective standard based on the 'least sophisticated consumer.'" *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The "least sophisticated consumer" standard is "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *DeSantis v. Comp. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). Therefore, courts "must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences." *Dewees*, 506 F. Supp. 2d at 132 (quoting *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005)). Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (internal quotation omitted).

## III. DISCUSSION

Plaintiffs allege that PCB's Collection Letters violated 15 U.S.C. § 1692g and 15 U.S.C. § 1692e. *See* Am. Compl. ¶¶ 17-106. Applying the standards set forth above, and for the reasons set forth herein, Defendant's motion for judgment on the pleadings is granted in part and denied in part.

### A. 15 U.S.C. § 1962g

According to Plaintiffs, the Collection Letters violated 15 U.S.C. § 1692g because they: (i) fail to explicitly or implicitly identify any creditor to whom Plaintiffs' debts are owed, and (ii) contain language that is contradictory or otherwise inconsistent with the validation notice. *See* Am. Compl. ¶¶ 17-106

   1. Identification of Plaintiffs' Creditors

Pursuant to 15 U.S.C. § 1692g, a debt collection letter must contain "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). To satisfy 15 U.S.C. § 1692g(a)(2), a communication must "clearly and effectively convey [the creditor's] role in connection with the debt." *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013). Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2). *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor"); *see also Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed."). In determining whether a collection letter violates 15 U.S.C. § 1692g(a)(2), "[t]he court's role is to assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter . . . ." *Dewees*, 506 F. Supp. 2d at 132; *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (holding that debt collection letters are to be analyzed as a whole).

PCB's Collection Letters fail to explicitly or implicitly identify Plaintiffs' current creditors, and are therefore insufficient to satisfy 15 U.S.C. § 1692g(a)(2). In moving for judgment on the pleadings, Defendant does not dispute that the Collection Letters do not explicitly identify the Medical Providers using "terminology such as 'creditor,' 'account owner,' [or] 'original creditor . . . .'" *See* Defendant's Reply Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) ("Def.'s Reply Mem."), DE [21], at 3; *see also* Def.'s Mem. at 15-16. Rather, PCB argues that the Collection Letters satisfy 15 U.S.C. § 1692g(a)(2) because they "clearly identify the medical providers" and "there can be no uncertainty that each letter properly identifies each creditor." Def.'s Reply Mem. at 3; Def.'s Mem. at 16. However, merely including a creditor's name in the caption of a debt collection letter "is not, without more explanation, sufficient to satisfy 15 U.S.C. § 1692g(a)(2) . . . ." *Datiz*, 2016 WL 4148330, at *11. In *Datiz*, the court held that a similar collection letter violated 15 U.S.C. § 1692g(a)(2) because: (i) the letter's caption, which read, "Re: John T. Mather Hospital," failed to "identify the Hospital as the Plaintiff's current creditor"; and (ii) the letter, which stated, "[p]lease be advised that this account has been listed with our office for collection," failed to "make clear who the Defendant, as the debt collector, [was] acting on behalf of . . . ." *Id.* at *11-12. The court wrote that it was "not convinced that the least sophisticated consumer would be able to deduce from the caption . . . that John T. Mather Hospital [was] the current creditor, . . . particularly given the fact that the Letter [did] not specify the Defendant's relationship to John T. Mather Hospital." *Id.* at *12. PCB's Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been

8

referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters. *See* Am. Compl. Exs. 1, 2. As the least sophisticated consumer, reading the Collection Letters in their entirety, may be unable to deduce that the Medical Providers are Plaintiffs' current creditors, the Collection Letters fail to satisfy 15 U.S.C. § 1692g(a)(2). *See Datiz*, 2016 WL 4148330, at *11-12; *see also Lee*, 926 F. Supp. 2d at 487 (denying a motion to dismiss where "the entity to which Plaintiff owed money . . . [was] mentioned in the Collection Letter twice, but the letter [did] not clearly and effectively convey its role in connection with the debt").

Relying upon *Wright v. Phillips & Cohen Assocs. Ltd.*, No. 12-CV-4281, 2014 WL 4471396 (E.D.N.Y. Sept. 10, 2014), Defendant argues, *inter alia*, that because "[t]here is just one medical provider referenced on the upper right-hand portion of each letter along with a patient name and date of service[,] . . . there can be no uncertainty that each letter properly identifies each creditor." Def.'s Mem. at 15-16. However, in *Wright*, the debt collection letter identified the medical provider as the defendant's "client," and stated that the defendant was collecting the debt "on behalf of [its] . . . client." 2014 WL 4471396, at *5. The court held that "[t]he least sophisticated consumer would have known, after reading the entirety of the letter, that Defendant sought to collect a debt on behalf of [its client], and that [its client] was, therefore, the current creditor to whom he owed his debt." *Id.* Unlike *Wright*, the Collection Letters do not support an inference that the Medical Providers are Plaintiffs' current creditors because they neither identify the Medical Providers as PCB's clients, nor state that PCB is collecting the debts on their behalf. *See* Am. Compl. Exs. 1, 2. Rather, the Collection Letters state that Plaintiffs' debts have "been referred to [PCB's] offices for collection," *see id.*, which is insufficient to satisfy Section

9

1692g(a)(2). *See Datiz*, 2016 WL 4148330, at *11. Therefore, Defendant's motion for judgment on the pleadings is denied with respect to Plaintiffs' first and third causes of action.

   2. Overshadowing of the Validation Notice

A debt collection notice violates the FDCPA's validation notice provision when it "contains language that 'overshadows or contradicts' other language informing a consumer of her rights . . . ." *Russell*, 74 F.3d at 34; *see also Jacobson*, 516 F.3d at 90 ("[A] debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor."). The Second Circuit has held that "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino v. Comp. Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998); *see also Russell*, 74 F.3d at 34 (holding that the "juxtaposition of two inconsistent statements renders the notice invalid under § 1692g"). Therefore, "an immediate demand for payment effectively contradicts a validation notice if it fails to explain 'that its demand [does] not override the consumer's rights under Section 1962g.'" *Lerner v. Forster*, 240 F. Supp. 2d 233, 239 (E.D.N.Y. 2003) (quoting *Savino*, 164 F.3d at 86). In contrast, language that "in no way demands *immediate* payment of [the plaintiff's] past due debt, or threatens adverse consequences in the event the debt is not paid within 30 days" does not violate the FDCPA. *Rumpler v. Phillips & Cohen Assocs., Ltd.*, 219 F. Supp. 2d 251, 259 (E.D.N.Y. 2002) (emphasis in original); *see also Lerner*, 240 F. Supp. 2d at 239 (holding that a validation notice was not overshadowed where "the Letter at issue . . . [did] not demand payment within a certain amount of time").

Plaintiffs fail to state a claim for overshadowing in violation of 15 U.S.C. § 1692g. Plaintiffs do not dispute that the Collection Letters contain the notification required by 15 U.S.C.

§ 1692g, informing them of their right to demand validation of their debts. Am. Compl. ¶ 99. Rather, they allege that the validation notice is overshadowed by phrases including "Pay Online," "*Whatever you do, please do not choose to ignore this outstanding debt*," "Additionally feel free to mail your check, money order or credit card information along with the payment stub below," and "For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card." *Id.* at ¶¶ 95-98 (emphasis in original). However, contrary to Plaintiffs' allegation that PCB "demanded Plaintiffs make payment during the validation period," *see id.* at ¶ 94, the Collection Letters neither demand that payment be made within thirty (30) days, nor threaten adverse consequences if payment is not received within thirty (30) days. *Id.* at Exs. 1, 2. Therefore, the Collection Letters do not contain language that contradicts or is otherwise inconsistent with Plaintiffs' right to demand validation of their debts. *See Weber v. Comp. Credit, Inc.*, 259 F.R.D. 33, 41 (E.D.N.Y. 2009) (holding that a debt collection letter was not overshadowing where it did "not demand immediate payment or threaten adverse consequences"); *see also Lerner*, 240 F. Supp. 2d at 239 (holding that a validation notice was not overshadowed where "the Letter at issue . . . [did] not demand payment within a certain amount of time").

Relying upon *Vaughn v. CSC Credit Servs., Inc.*, No. 93 C 4151, 1994 WL 449247 (N.D. Ill. Mar. 1, 1994), Plaintiffs argue, *inter alia*, that "the consumer's validation rights in the smallest font on the page, in single space-writing" in conjunction with Defendant's "fail[ure] to include text directing the consumer's attention to the validation rights" constitutes overshadowing. Pls.' Opp'n at 17. Unlike *Vaughn*, where "the statutory disclosure of rights on the letter's back was in light grey ink that [was] difficult to read," 1994 WL 449247, at *5, the required validation notice appears on the front of PCB's Collection Letters in dark, legible font. Am. Compl. Exs. 1, 2. Moreover, whereas the debt collection letter in *Vaughn* demanded immediate payment and

11

contained language that could "be interpreted as a threat to report the debt [to the credit bureau] regardless of whether it [was] disputed," 1994 WL 449247, at *5, as noted above, the Collection Letters neither demand immediate payment nor threaten adverse action in the event Plaintiffs failed to make immediate payment. Am. Compl. Exs. 1, 2; *see also Jacobson*, 516 F.3d at 92 (holding that a debt collection letter did not violate 15 U.S.C. § 1692g where the plaintiff's "right to seek validation of the debt was . . . explained, not on the back of the demand letter, but on its face, below the initial statement, and in clear terms"); *Sorey v. Comp. Credit, Inc.*, No. 05 Civ. 6052, 2006 WL 1896401, at *4 (S.D.N.Y. July 7, 2006) (holding that a validation notice did not violate 15 U.S.C. § 1692g where it appeared on the back side of a debt collection letter, was in a "fainter shading" than text on the front side, and was "printed in 35% of the darkest shade utilized on the front side").

Finally, insofar as Plaintiffs claim that the Collection Letters do not contain "text directing the consumer's attention to the validation rights, such as 'SEE IMPORTANT INFORMATION BELOW,' which . . . is commonly present on collection letters," *see* Pls.' Opp'n at 15, where a collection letter does not demand immediate payment, "transitional language" calling attention to a validation notice is not necessary. *See Weber*, 259 F.R.D. at 41 (holding that transitional language was not required where a letter was not overshadowing); *cf. Savino*, 164 F.3d at 85-86 (providing examples of "transitional language" designed to call attention to a validation notice, which would allow a debt collector to demand immediate payment while still complying with the FDCPA). Because the Collection Letters neither demand immediate payment nor threaten adverse action, the absence of transitional language does not violate the FDCPA.

Based upon the foregoing, Plaintiffs fail to state a claim for overshadowing in violation of 15 U.S.C. § 1692g. Therefore, Defendant's motion for judgment on the pleadings is granted with respect to Plaintiffs' fifth cause of action.

### B. **15 U.S.C. § 1692e**

Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Although 15 U.S.C. § 1692e identifies certain conduct that is considered "false, deceptive, or misleading," the list is non-exhaustive.[2] *Id.*; *see also Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 464 (E.D.N.Y. 1995) ("The sixteen subsections of § 1692e set forth a nonexhaustive list of practices that fall within this ban."). Courts in the Second Circuit have held that a failure to identify a creditor in violation of 15 U.S.C. § 1692g(a)(2) is also a false, deceptive, or misleading representation for purposes of 15 U.S.C. § 1692e. *See, e.g.*, *Datiz*, 2016 WL 4148330, at *12 (denying a motion to dismiss a claim arising under 15 U.S.C. § 1692e where the plaintiff adequately stated a claim arising under 15 U.S.C. § 1692g(a)(2)); *Lee*, 926 F. Supp. 2d at 486-88 (holding that allegations that the defendant failed to identify the plaintiff's current creditor were sufficient to state a claim for violation of both 15 U.S.C. § 1692g and 15 U.S.C. § 1692e).

Having determined that Plaintiffs sufficiently state a claim arising under 15 U.S.C. § 1692g(a)(2) by alleging that PCB failed to identify Plaintiffs' current creditors, Plaintiffs' allegations are also sufficient to state a claim against PCB arising under 15 U.S.C. § 1692e. *See Datiz*, 2016 WL 4148330, at *12; *Lee,* 926 F. Supp. 2d at 486-88; *see also Foti v. NCO Fin. Sys.,*

---

[2] Relying upon *Dewees*, 506 F. Supp. 2d at 134, Defendant asserts that "case law [analyzing 15 U.S.C. § 1692e] relies on 15 U.S.C., Section 1692e(5)." Def.'s Mem. at 17. However, 15 U.S.C. § 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and Defendant misquotes *Dewees*. *Compare Dewees*, 506 F. Supp. 2d at 134 ("The court first considers whether the Letter violated Section 1692g(a)(2) . . . ."), *with* Def.'s Mem. at 17 ("The Court first considers whether the letter violates Sections 1692e(5) . . . ."). Therefore, 15 U.S.C. § 1692e(5) is irrelevant to Plaintiffs' allegations.

*Inc.*, 424 F. Supp. 2d 643, 666-67 (S.D.N.Y. 2006) ("The standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g."). Although Defendant argues that "the alleged act must, at a minimum, involve a misrepresentation that is material," *see* Def.'s Mem. at 18-19, in *Lee*, the court held that, "even assuming, *arguendo*, that a deceptive statement must be material to violate Section 1692e, . . . failing to identify the creditor . . . was not immaterial as a matter of law." 926 F. Supp. 2d at 488; *see also Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013) ("[A] false representation of the owner of a debt could easily mislead the least sophisticated consumer as to the nature and legal status of the debt."). Therefore, PCB's failure to identify Plaintiffs' current creditors was material for purposes of liability arising under 15 U.S.C. § 1692e, and Defendant's motion for judgment on the pleadings is denied with respect to Plaintiffs' second and fourth causes of action.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's motion for judgment on the pleadings is granted in part and denied in part. Defendant's motion is: (i) granted with respect to Plaintiffs' fifth cause of action; and (ii) denied with respect to Plaintiffs' first, second, third, and fourth causes of action.

Dated: Central Islip, New York
      October 17, 2016

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge